NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3952
_____

JOHN P. SENESE,
Appellant

v.

LIBERTY MUTUAL INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-13-cv-05139)
Honorable Berle M. Schiller, U.S. District Judge
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 30, 2016

Before:  AMBRO, SMITH and FISHER, *Circuit Judges*.

(Filed: October 3, 2016)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

John P. Senese filed this diversity action for uninsured motorist benefits after he was involved in a motor vehicle accident. Having failed to prevail at trial, he appeals the District Court's orders entering final judgment and denying Senese's motion for a new trial. For the reasons that follow, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On September 2, 2009, Senese was injured when he collided with a parked car. He was insured under his employer's insurance policy with Liberty Mutual Insurance Company ("Liberty Mutual") and sought recovery under that policy, claiming the collision was caused by the negligence of an unidentified driver, who was speeding as Senese turned left, forcing him to accelerate into his turn to avoid a collision. The parties disputed whether Senese was entitled to recover under a provision that provided that Liberty Mutual would pay "all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle,"[1] and Senese filed suit for damages in the Eastern District of Pennsylvania. He maintained that, because he would have been able to recover damages from the uninsured motor vehicle for the driver's negligence, he was entitled to recover those damages from Liberty

---

[1] J.A. 21.

2

Mutual. By contrast, Liberty Mutual argued that it was not liable under the policy because Senese could not establish that an unidentified motorist existed, was negligent, or was the factual cause of his accident.

After summary judgment was denied, the case proceeded to trial, where both parties sought to present experts in accident reconstruction. Senese retained Steven Rickard, an accident reconstructionist, who prepared two expert reports. In the first report, Rickard relied on a site investigation four and a half years after the accident and Senese's deposition testimony to conclude that "Mr. Senese has no responsibility for the occurrence of this accident"; "Mr. Senese's actions were reasonable and appropriate"; and "the collision in this case was caused by the actions of the unidentified motorist."[2] He also stated that: (1) 1.6 seconds usually elapse between when a driver perceives a stimulus on the road and when he reacts to it by accelerating or steering; and (2) centrifugal forces likely forced Senese's van to make a wider left turn than he expected.[3]

Prior to trial, Liberty Mutual filed a motion *in limine* to preclude Rickard's proposed expert testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). In an order entered on May 8, 2014 the District Court granted that motion and limited Rickard's testimony to statements about the measurements taken at

_____

[2] *Id*. at 104-17. The second report offered similar conclusions, and was founded on similar information. J.A. 167-180.

[3] *Id*. at 111, 116.

the scene of the accident and the posted speed limit.[4] Senese filed a motion for reconsideration, which the court denied on May 12, 2014, noting that Rickard's proposed testimony was unhelpful and lacked an adequate basis in science or specialized knowledge.[5] The District Court added that it would not hold a *Daubert* hearing because "Plaintiff has had ample opportunity to explain to the Court the basis for Rickard's opinions, through the submission of two expert reports and two briefs."[6]

The Court bifurcated the liability and damages portions of the trial, and liability was tried before a jury on May 13, 2014. The jury heard testimony from Sensese as well as defense expert Steven Schorr. In a special verdict form, the jury found that: (1) there was an unidentified motorist; (2) the unidentified motorist was negligent; and (3) the unidentified motorist's negligence was not a factual cause of any harm to Senese. The District Court accordingly entered judgment in favor of Liberty Mutual.

Senese filed a post-trial motion under Federal Rule of Civil Procedure 59(a) and sought a new trial based on arguments that: (1) the District Court abused its discretion when it granted Liberty Mutual's *Daubert* motion and precluded Rickard from providing his opinion on causation; and (2) the jury's verdict was irreconcilably inconsistent in its findings that the unidentified motorist was negligent but that this negligence was not a

---

[4] *Id*. at 14.

[5] *Id*. at 16-18. On May 12, 2014, the District Court also granted a motion *in limine* to preclude lay opinion testimony by Senese regarding the speed of the alleged oncoming vehicle. That order has not been challenged on appeal.

[6] *Id*. at 17.

4

factual cause of the accident. In an opinion and order dated August 19, 2014, the District Court denied Senese's motion for a new trial. In its opinion, the Court reaffirmed its earlier findings that Rickard's proposed testimony would not have been reliable or helpful to a jury and concluded that the jury's answers to the interrogatories were consistent. This appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's denial of a Rule 59(a) motion for a new trial for abuse of discretion.[7] We exercise plenary review over a district court's interpretation of Federal Rule of Evidence 702, and "we review the court's decision to admit or reject testimony [for] an abuse of discretion . . . ."[8] Under that standard, "we will affirm a reasoned decision by a district court regardless of how we might have decided the issue if we had been making the original determination,"[9] and we "will not interfere with the district court's exercise of discretion 'unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'"[10]

---

[7] *Thabault v. Chait*, 541 F.3d 512, 532 (3d Cir. 2008).
[8] *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000) (internal quotation marks omitted).
[9] *Waldorf v. Shuta*, 142 F.3d 601, 627 (3d Cir. 1998).
[10] *Oddi*, 234 F.3d at 146 (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

III.

On appeal, Senese raises two issues. First, he argues that the District Court abused its discretion in precluding Rickard's expert testimony. Second, he asserts that the Court abused its discretion when it concluded that the jury's verdict form was reconcilable based on the evidence presented at trial. We consider each argument, in turn, and will affirm for the reasons stated below.

A.

Senese first argues that the District Court abused its discretion when it granted Liberty Mutual's *Daubert* motion and limited Rickard's testimony to statements about the measurements taken at the scene of the accident and the posted speed limit. More specifically, he maintains that Rickard's proposed testimony met the requirements of Federal Rule of Evidence 702 because accident reconstruction testimony is routinely utilized by courts and Rickard's opinions were based on the information available to him as well as the principles employed by experts in his field. We disagree.

Under Rule 702, expert testimony must meet three separate requirements to be admissible. First, the witness must be qualified to testify as an expert by possessing specialized expertise.[11] Second, the expert's testimony must be reliable—it "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation,'" and "the expert must have 'good grounds' for his or her

---

[11] *See Calhoun v. Yamaha Motor Corp. U.S.A.*, 350 F.3d 316, 321 (3d Cir. 2003).

belief."[12] Third, "'the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.'"[13] Expert testimony is not helpful "when the untrained layman would be qualified to determine . . . the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute,"[14] and expert testimony may be based on experience so long as that experience provides appropriate validation for the proposed testimony.[15]

Here, the District Court did not abuse its discretion in excluding Rickard's proposed testimony under Rule 702. First, the District Court reached a reasoned judgment that Rickard's proposed testimony was not reliable where it was replete with legal conclusions that parroted Senese's deposition testimony without any independent basis. While it is permissible for an expert to rely on deposition testimony to form an opinion, rather than explaining how his experience or scientific facts reinforced Senese's testimony, Rickard merely accepted Senese's testimony as true, and, without any scientific or technical basis to verify that conclusion, the District Court acted well within its discretion to conclude that Rickard's proposed testimony was merely an "unsupported speculation" or "subjective belief" that Senese's version of the accident was correct.

---

[12] *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994) (quoting *Daubert*, 509 U.S. at 590).

[13] *Calhoun*, 350 F.3d at 321 (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 405 (3d Cir. 2003)).

[14] Fed. R. Evid. 702 advisory committee's note 1972 proposed rules.

[15] *See Daubert*, 509 U.S. at 590 (noting that to qualify as scientific, technical, or specialized "knowledge," "[p]roposed testimony must be supported by appropriate validation —*i.e.,* 'good grounds,' based on what is known.").

Second, because Rickard's proposed testimony about how the accident occurred rested on a subjective belief that Senese was telling the truth, far from being helpful to the jury as required by Rule 702, his testimony would have intruded on the jury's province to assess the credibility of witnesses.[16] Third, the District Court did not commit a "clear error of judgment"[17] when it concluded that Rickard's statements about response time and centrifugal force would not have been helpful for the jury. As the Court noted, any "untrained layman" would know that: (1) there is a slight delay between when a driver perceives a stimulus and when he reacts to it; and (2) that a heavy van would be difficult to control when accelerating on a sharp turn.

Finally, the District Court did not abuse its discretion in declining to hold a *Daubert* hearing before deciding to exclude Rickard's testimony. This Court has upheld a district court's decision not to hold a *Daubert* hearing where the basis for the expert's testimony was clear and the record was adequate to support a determination on admissibility.[18] Here, the District Court had all the evidence it needed to resolve the evidentiary issues before it because Senese had more than "ample opportunity to explain to the Court the basis for Rickard's opinions, through the submission of two expert

---

[16] *See, e.g.*, *Bhaya v. Westinghouse Elec. Corp.*, 832 F.2d 258, 262 (3d Cir. 1987) ("Evaluation of witness credibility is the exclusive function of the jury.").
[17] *Oddi*, 234 F.3d at 146.
[18] *See id*. at 154-55.

reports and two briefs."[19] Moreover, as we noted in *Oddi*, plaintiffs are not entitled to an open-ended and never-ending opportunity to overcome a *Daubert* challenge.[20]

B.

Similarly, the District Court did not abuse its discretion in finding that the jury's verdict was consistent. "It is the duty of the courts to attempt to harmonize the [jury's] answers [to special interrogatories]"[21] and "it is well established that a verdict must be molded consistently with a jury's answers to special interrogatories when there is any view of the case which reconciles the various answers."[22] The District Court properly did so when it set forth two theories upon which it could reconcile those findings,[23] and, while Senese argues that neither of those theories is supported by his testimony in this case, that argument is irrelevant. It was well within the jury's prerogative to reject a portion of Senese's testimony as not credible (i.e., that he stopped and carefully looked for oncoming vehicles) and to find another portion credible (i.e., that there was a negligent driver on the road). In such circumstances, as the District Court concluded, it was entirely consistent for the jury to have found that an unidentified car was being operated negligently, but that it was the way that Senese was operating his car, rather than the unidentified motorist's negligence, that caused the accident.

---

[19] J.A. 17.

[20] *See Oddi*, 234 F.3d at 154.

[21] *Gallick v. B & O. R. R.*, 372 U.S. 108, 119 (1963).

[22] *Bradford-White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1159 (3d Cir. 1989).

[23] J.A. 30.

Accordingly, there is a view of this case that can reconcile the jury's findings and the District Court properly denied Senese's motion for a new trial on that basis.

IV.

For the reasons set forth above, we will affirm the orders of the District Court.

10